# ENOCH OSGOOD vs. RICHARD DAVIS.

Parol evidence is inadmissible to prove the intention of the parties to have been different from that expressed in writing, and thereby to alter the legal operation of a written instrument.

Thus, *in an action of assumpsit*, where it was shown, that one had made a written assignment " of all his right, title and interest in" a certain share in an incorporated stage company, without any covenants therein, parol evidence is inadmissible to prove, that he at the same time promised to make to the assignee, a good and effectual title to the share.

And if there be a special count on the warranty, and also the money counts, the cause of action being the same, there would exist the same objection to the reception of parol evidence under either count.

EXCEPTIONS from the Western District Court, WHITMAN J. presiding.

The declaration alleged, that in consideration of the exchange of certain land therefor, " the said *Davis* did then and there pretend and affirm to the plaintiff, that he was owner of five shares in the capital stock of the *Portland and White Mountain Stage Company*, and did then and there, in consideration that the plaintiff, at the special instance and request of the said *Davis*, would convey to him said real estate, affirm and assure the plaintiff, that his title to said shares was good ; and did then and there undertake and promise that he would convey and assign to the plaintiff, one share and twenty fifty-fifths of another share of said capital stock, and make to the plaintiff a good and effectual title thereto, in exchange for the plaintiff's land," and that the plaintiff conveyed the land to the defendant, " giving full credit to the said affirmation and warranty of said *Davis*," " and the said *Davis* did then and there make and execute to the plaintiff a pretended conveyance and assignment of share numbered seventy, and twenty fifty-fifths of share numbered eighty." " Now the plaintiff, in fact, saith, that at the time of the pretended assignment and conveyance and of said affirmation and promise, said *Davis* was not proprietor of said shares, and had no right or title thereto, but said shares had long before been sold to another person to pay an assessment thereon, and this the defendant well knew, and so the defendant's pretended assignment and conveyance was wholly ineffectual to

make any good and valid title to the plaintiff, and so the defendant has not kept and fulfilled his said promise and undertaking." There was another similar count, excepting averring the consideration to have been $75 in money, with the money counts.

The plaintiff read in evidence a certificate, that *O. B. Dorrance* was proprietor of share number seventy in the company, " which share can only be transferred by making an assignment on the back of this certificate." On the back of the certificate was an assignment by *Dorrance* to *Clapp*, and by *Clapp* to *Davis*, of all his right, title and interest to the within share, and an assignment by *Davis*, as follows : " *Bridgton, Dec.* 15, 1838. For a valuable consideration, I hereby assign all my right, title and interest to the within share, to *Enoch Osgood*, of *Bridgton. Richard Davis.*" He also read in evidence a paper, of which the following is a copy. " *Bridgton, Dec.* 15, 1838. This may certify that I have this day sold to *Enoch Osgood*, twenty fifty-fifth parts of share numbered eighty, of the *Portland and White Mountain Stage* capital stock, the certificate of ownership being in my possession ; and for a good and valuable consideration, I hereby agree to pay said *Osgood* in proportion of twenty to fifty-five of all the proceeds which may come into my hands on account of said share, on demand, after said funds or proceeds are received by me — said *Osgood* to pay in the same proportion of all assessments upon said share. *Richard Davis.*"

The plaintiff also offered to prove, by parol testimony, all the facts and allegations set forth in his writ. The Judge ruled, that it was not competent to prove the same by parol testimony, and directed a nonsuit, to which the plaintiff excepted.

*Eastman & Howard*, for the plaintiff.

Every vendor of personal property, is considered as warranting the title of the thing sold, though there be no express warranty. *Comyn on Con.* 263 ; *Heermance* v. *Verney*, 6 *Johns. R.* 5 ; *Doug.* 18 ; 1 *Ld. Raym.* 593 ; 5 *T. R.* 57 ; *Emerson* v. *Brigham*, 10 *Mass. R.* 202 ; 2 *Bl. Com.* 451 ; *Cro. Jac.* 474 ; 1 *Roll. Abr.* 90. The principle which excludes parol testimony, to explain or vary a written contract, has never been extended so far as to exclude it, when offered to prove an independent collateral fact. In many instances, the terms reduced to writing may con-

stitute but a small part of the real contract. 3 *Stark. Ev.* 1049, and *note ; Storer* v. *Logan,* 9 *Mass. R.* 55 ; *Barker* v. *Prentiss,* 6 *Mass. R.* 434 ; *Wallace* v. *Rogers,* 2 *N. H. Rep.* 506 ; *Schuyler* v. *Russ,* 2 *Caines,* 202 ; 1 *Stark. Cas.* 267 ; *Bradford* v. *Manley,* 13 *Mass. R.* 142. The parol evidence was admissible to show the part of the contract not reduced to writing. The assignment or transfer in this instance is no higher evidence, and purports to be nothing more, than is intended in a common bill of parcels.

Assumpsit, for money had and received, may be maintained. *Miller* v. *Miller,* 7 *Pick.* 133 ; *Dana* v. *Kemble,* 17 *Pick.* 549 ; *Woodward* v. *Cowing,* 13 *Mass. R.* 216 ; *Spring* v. *Coffin,* 10 *Mass. R.* 34.

*H. Carter,* for the defendant, argued : —

1. The writings not only contain no express warranty, but negative any implied warranty.

2. There can be no implied warranty. First, because the writings negative any. Second, because the principle of implied warranty of title, cannot be applied to the transfer of stock in corporations. Even in the sale of chattels out of the possession of the vendor, there must be an express warranty in order to support an action. 2 *Stark. Ev.* 902 ; *Com. on Con.* 117 ; 1 *Salk.* 210.

3. Parol testimony to prove a verbal affirmation amounting to a warranty, was inadmissible. The principle laid down in the books is — " No oral representation previously to a sale by written contract, will operate as a warranty ; for the writing is the only legitimate evidence to prove the terms of the contract." 2 *Stark. Ev.* 902 ; 4 *Taunt.* 779 ; *Mumford* v. *M'Pherson,* 1 *Johns. R.* 414 ; *Wilson* v. *March, ib.* 503 ; *Dean* v. *Mason,* 4 *Conn. R.* 428.

4. The plaintiff, if entitled to recover at all, cannot recover as for money had and received. To recover on such count, *money* must have been received, or property received as money.

The opinion of the Court was drawn up by

SHEPLEY J. — The rule of law which excludes parol evidence, tending to contradict or vary a written contract, may sometimes permit the crafty to take advantage of the ignorant and negligent ;

but the propriety of adhering to one of so much importance and usefulness, is but little lessened by such a consideration.

The writing on the back of the certificate of share numbered seventy, signed by the defendant, does not purport to sell or assign the share itself, but only the right, title and interest which the defendant had to the share. It is such a writing as one, who had held the share only for a special purpose, and who, after that purpose had been accomplished, intended to part with whatever of title he received, might properly sign. It would seem to have been drawn with the design to exclude any inference, that he warranted the title to the share, for it is language become familiar by being frequently used in conveyances, where there is no intention to warrant the title. Parol evidence is inadmissible to prove the intention of the parties to have been different from that expressed in writing, and thereby to alter the legal operation of a written instrument.

In *Powell* v. *Edmunds*, 12 *East*, 6, such evidence, tending to prove, that an auctioneer warranted, that a lot of timber, described in the written conditions of sale, would amount to eighty tons, was excluded. And in *O'Harra* v. *Hall*, 4 *Dallas*, 340, where a bond was assigned in general terms, it was decided, that parol evidence could not be received to prove, that the assignor agreed to guarantee the payment of it.

To admit parol evidence in this case to prove, that the bargain was for a good title, would be, to change the apparent intention of the parties, as disclosed in their written contract, as well as to vary and alter the legal construction of it. This case is not like that of a sale by a bill of parcels. Such a writing was considered, in *Bradford* v. *Manley*, 13 *Mass. R.* 142, as designed to state the fact simply, that a sale had been completed, without intending to state the terms of the contract, and the parol evidence was not regarded as contradicting or varying the act of the parties existing in writing. To permit the parol evidence offered in this case, would be like permitting it to vary the quantity or description of goods contained in a bill of parcels.

The contract relating to share numbered eighty, states, that a part of it had been sold; and it then proceeds to state, specifically, the obligations, which the defendant assumed in relation to it. A

sale, in the proper sense, could not have been intended for no actual transfer of a part could take place. The share could not be divided, nor could the plaintiff control or sell the portion. The design must have been, to give the plaintiff the beneficial interest in a part, and the terms upon which the defendant became liable to account for that beneficial interest, are stated in the contract. In attempting to make the defendant account to him for that interest upon different terms, the plaintiff must meet difficulties similar to those, which have been stated, respecting the sale of the other share.

In stating the offer to prove, by parol evidence, all the allegations set forth in the writ and declaration, it must have been understood, that the money count was for the same cause of action as the other counts, and there would exist the same objections to a reception of the testimony under that, as under the other counts.

The testimony was not offered to prove, that the defendant knowingly made false and fraudulent representations in relation to the title, to induce the plaintiff to enter into these contracts.

*Exceptions overruled.*